**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRANDON ERP**<br>        **Plaintiff** | **CIVIL ACTION No.: 3:17-cv-00323** |
| **VERSUS** | **JUDGE: JOHN W. DEGRAVELLES** |
| **CITY OF BATON ROUGE, et al**<br>        **Defendant** | **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendants, Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux") and AIX Group, doing business as Nova Casualty Company ("AIX") (sometimes collectively referred to as "Sheriff Defendants") moved this Court to stay all discovery in this case in light of the fact that Sheriff Defendants' Motion to Dismiss, including the assertion that the Sheriff Gautreaux is entitled to qualified immunity, is currently pending, and the District Court Judge has not yet determined whether Plaintiff has met the threshold pleading requirement of alleging facts, which, if true would overcome the defense of qualified immunity.

Sheriff Defendants' Motion to Dismiss is still pending before the District Court Judge. Plaintiff recently filed an opposition to Sheriff Defendants' Motion to Dismiss. Sheriff Defendants have until April 26, 2018 to file a reply. Plaintiff opposes Sheriff Defendants' Motion to Stay Discovery. Sheriff Defendants are filing this reply to address Plaintiff's opposition.

1

I.      INTRODUCTION

Plaintiff filed an opposition to Sheriff Defendants' Motion to Stay Discovery based on two arguments. First, Plaintiff argues that since qualified immunity is not available to Sheriff Gautreaux in his official capacity, the restrictions on discovery that arise from qualified immunity do not apply to Sheriff Gautreaux.[1] However, Plaintiff is bringing claims against Sheriff Gautreaux in both his individual and official capacity. Therefore, Sheriff Gautreaux is entitled to qualified immunity and the restrictions of discovery that arise from qualified immunity apply.

Second, Plaintiff asserts that AIX cannot avail itself of its insured, Sheriff Gautreaux's defense of qualified immunity.[2] Presumably, Plaintiff is asserting that therefore, AIX cannot avail itself of the benefits of a stay of discovery. However, because Plaintiff is bringing claims against AIX under the Louisiana Direct Action Statute, La. R.S. 22:655(B), to recover any and all sums AIX may be obligated to pay on behalf of its' insured, Sheriff Gautreaux, AIX benefits from the defense of qualified immunity to the same extent that Sheriff Gautreaux benefits from the defense of qualified immunity. In any event, the issue of whether Sheriff Gautreaux's insurer, AIX, can avail itself of Sheriff Gautreaux's defense of qualified immunity is an issue to be decided by the District Court Judge in this case in Sheriff Defendants' pending motion to dismiss. Further, Plaintiff does not explain what discovery he would like from AIX. However, Plaintiff cannot circumvent the restrictions on discovery that Sheriff Gautreaux is entitled to by conducting discovery as to his insurer, AIX.

---

[1] Rec Doc 76 page 2
[2] Rec Doc 76 pages 2 and 3

## II. LAW AND ARGUMENT

### A. Since Plaintiff is bringing a claim against Sheriff Gautreaux in his individual capacity as well as official capacity, Sheriff Gautreaux is entitled to a stay of discovery

Plaintiff asserts that since qualified immunity is not available to Sheriff Gautreaux in his official capacity, the restrictions on discovery that arise from qualified immunity do not apply to Sheriff Gautreaux.[3] Plaintiff does not dispute that there are restrictions on discovery that arise from qualified immunity. Plaintiff asserts in his opposition to motion to stay discovery that the motion to stay discovery should be denied because it is based on the premise that Sheriff Gautreaux has *only* been sued individually.[4] However, Sheriff Defendants motion to stay discovery is not based on the premise that Sheriff Gautreaux has only been sued individually. It is based on the premise that Sheriff Gautreaux is entitled to a stay of discovery while his motion to dismiss is pending because he was sued in his individual capacity.

Plaintiff appears to be bringing claims against Sheriff Gautreaux in this case in both his individual and official capacities. Plaintiff alleges in his Second Amended Complaint that "Defendant, Sid J. Gautreaux, III, is the elected Sheriff of East Baton Rouge Parish, who is sued in his official capacity."[5] However, Plaintiff added Count 8 entitled "Defendants are not entitled to qualified immunity" to his Second Amended Complaint.[6] Specifically, Plaintiff alleges in his Second Amended Complaint that the City of Baton Rouge, Chief Dabadie, Sheriff Gautreaux,

---

[3] Rec Doc 76 page 2
[4] Rec Doc 76 page 1
[5] Rec Doc 49 ¶ 15
[6] Rec Doc 49 ¶¶ 111-114

3

Louisiana State Trooper Jacob R. Brown, LSP Officer John Doe Two and LS Officer John Doe Three are not entitled to qualified immunity.[7]

Sheriff Defendants asserted in their memorandum in support of motion to dismiss that Plaintiff has not alleged sufficient facts to state a Section 1983 claim against Sheriff Gautreaux in his individual capacity and he is entitled to qualified immunity.[8] Plaintiff does not assert in his opposition to Sheriff Defendants' motion to dismiss that he is not bringing claims against Sheriff Gautreaux in his individual capacity and addresses Sheriff Gautreaux's qualified immunity argument.[9] Therefore, Sheriff Defendants have assumed that Plaintiff is bringing claims against Sheriff Gautreaux in both his individual and official capacities and Plaintiff has done nothing to correct that assumption.

The cases cited by Plaintiff in support of his opposition to the motion to stay discovery, involve suits against public officials sued *only* in their official capacity. In *Simpson v. Hines,* 903 F. 2d 400, 404 (5th Cir. 1990) the court held "[b]ecause Chief Lovings is sued in his official capacity only, qualified immunity is not an issue."  The Court in *Batiste v. Colonial Sugars,* 1995 WL 491153 (E.D. La. 8/15/95) held that because the sheriff in that case was sued solely in his official, capacity, he was not entitled to the stay of discovery or any other of the protections of qualified immunity.

Since it appears that Sheriff Gautreaux is being sued in his individual capacity, Sheriff Gautreaux is entitled to the defense of qualified immunity and the restrictions of discovery that flow from the defense. The fact that Sheriff Gautreaux is also being sued in his official capacity, does not change this conclusion. If Sheriff Gautreaux was compelled to participate in discovery

---

[7] Rec Doc 49 ¶ 114
[8] Rec Doc 67-1 page 7
[9] Rec Doc 79 pages 14-16

4

while his motion to dismiss asserting qualified immunity is pending because Plaintiff has made both individual and official capacity claims against him, he would lose the protections afforded public officials by qualified immunity.

### B. The stay of discovery should also apply to depositions between Plaintiff and other defendants

Plaintiff asserts that there is no reason to delay discovery due to qualified immunity, since none of the other defendants in this lawsuit filed a motion to stay discovery pending a motion to dismiss on the grounds of qualified immunity. Plaintiff asserts that all of the other defendants have answered and some of the defendants have indicated that they want to proceed with discovery by requesting Mr. Geller's medical records and dates to depose Mr. Geller.[10]

While Sheriff Defendants have no objection to the other defendants and Plaintiff engaging in *written* discovery, Sheriff Defendants object to the Plaintiff and other defendants taking depositions in this case while Sheriff Defendants' motion to dismiss is pending. Sheriff Defendants would be compelled to participate in the depositions of the plaintiff, other defendants and/or fact witnesses if they are taken while his motion to dismiss asserting qualified immunity is pending, which would be contrary to the protections afforded public officials by qualified immunity.

As the Supreme Court noted in *Ashcroft v. Iqbal,* 556 U.S. 662,685 (2009) "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery'"[11] The Court in *Iqbal* went on to explain "There are serious and legitimate reasons for this. If a Government official is to devote time to his or her

---

[10] Rec Doc 76 page 3
[11] *Iqbal* at page 685 citing *Siegert v. Gilley,* 500 U.S. 226, 236, 111 S. Ct. 16=789, 114 L. Ed. 2d 277 (1991) (KENNEDY, J., concurring in judgment.)

duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." The Court in *Iqbal* further stated:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.[12]

This Court recently ruled in *Wilson v. Sharp,* 2017 WL 4685002 (M.D. La. Oct. 17, 2017) granting defendants, law enforcement officers' motion to stay all discovery, even discovery directed toward defendants who had not raised the issue of qualified immunity, pending resolution of the pending motion to dismiss asserting qualified immunity filed by the officers/movers. This Court noted that a trial court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[13] This Court held that:

> While a stay of all discovery is neither automatic, nor mandated, under these facts, staying all discovery to permit resolution of the qualified immunity defense that has been asserted by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically at them), pending resolution of the defense. For example, even if this Court were to limit the stay order to only discovery directed to Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock, those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues.[14]

---

[12] *Iqbal* at page 685
[13] *Wilson* at *2 citing *Petrus v. Bowen,* 833 F. 2d 581, 583 (5th Cir. 1987)
[14] *Wilson* at *2

6

The protections of the defense of qualified immunity to avoid discovery until Plaintiff has at least alleged facts sufficient to state a claim, would be lost to the Sheriff Defendants in this case if the other defendants, not claiming qualified immunity and the Plaintiff are allowed to proceed with taking depositions in this case because the Sheriff Defendants would feel compelled to participate in the discovery process related to others. This is particularly true in this case, due to the relevance of the other defendants and fact witnesses' testimony to the claims against Sheriff Gautreaux and his insurer.  Plaintiff alleges that Defendants, including Sheriff Gautreaux conspired together to violate his civil rights.[15] Therefore, it is likely that any depositions taken in this case related to the other defendants would be relevant to the claims against Sheriff Gautreaux. Therefore, Sheriff Defendants will feel compelled to participate in any depositions taken while their motion to dismiss is pending asserting qualified immunity.

In addition, to asserting that the individual capacity claims asserted against Sheriff Gautreaux and his insurer should be dismissed, Sheriff Defendants have moved to dismiss the official capacity and state law claims based in part on the lack of any specific factual allegations of involvement by any East Baton Rouge Sheriff deputy in the arrests or use of excessive force against Plaintiff. If Sheriff Gatreaux's motion to dismiss is granted dismissing the claims against him, then he will have needlessly participated in numerous depositions.

**C. Any stay of discovery in favor of Sheriff Gautreaux would be applicable to AIX as the insurer of Sheriff Gautreaux**

---

[15] Rec Doc 49  ¶ 82

Plaintiff asserts that AIX cannot avail itself of its insured, Sheriff Gautreaux's defense of qualified immunity.[16] Presumably, Plaintiff is asserting that therefore, AIX cannot avail itself of the benefits of a stay of discovery. However, because Plaintiff is bringing claims against AIX under the Louisiana Direct Action Statute, La. R.S. 22:655(B), to recover any and all sums AIX may be obligated to pay on behalf of its' insured, Sheriff Gautreaux, AIX benefits from the defense of qualified immunity to the same extent that Sheriff Gautreaux benefits from the defense of qualified immunity.

The Court in *Burge v. Parish of St. Tammany,* 1994 WL 666063 (E.D. La. 1994) squarely addressed the issue of whether the defense of qualified immunity to Section 1983 claims is available to the insurers of individual government defendants, and the court found that the defense was available to the insurers. The quote cited by Plaintiff in *Snell v. Stein,* 259 So. 2d 876, 878 n.3 (La. 1972) was purely dicta and does not address the issue of whether the defense of qualified to Section 1983 claims is available to the insurers of individual government defendants. In any event, the issue of whether Sheriff Gautreaux's insurer, AIX, can avail itself of Sheriff Gautreaux's defense of qualified immunity is an issue to be decided by the District Court Judge in his ruling on the Sheriff Defendants' motion to dismiss.

Further, Plaintiff does not explain what discovery they would want to conduct from Sheriff Gautreaux's insurer, AIX. However, Plaintiff should not be allowed to circumvent the fact that Sheriff Gautreaux, as a public official is entitled to a stay of discovery when asserting qualified immunity in a motion to dismiss by compelling his insurer to engage in discovery.

---

[16] Rec Doc 76 page 3

### III.     CONCLUSION

This Honorable Court should grant Sheriff Defendants' Motion to Stay Discovery in this case because Sheriff Gautreaux is a public official who has asserted the defense of qualified immunity in a Motion to Dismiss, which is pending with the District Court Judge. No discovery should be allowed until this Court reviews Plaintiff's Third Amended Complaint to determine whether Plaintiff has met the threshold pleading requirements by alleging facts which, if true, would overcome Sheriff Defendants' defense of qualified immunity. However, Sheriff Defendants do not object to the other defendants, who have not asserted the defense of qualified immunity in a motion to dismiss, engaging in written discovery with Plaintiff while the Sheriff Defendants' motion to dismiss is pending.

Respectfully submitted:

**ERLINGSON BANKS, PLLC**

*s/ Catherine S. St. Pierre*
MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
TARA L. JOHNSTON (#28100)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone:  (225) 218-4446
Facsimile: (225) 246-2876

### CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018 a copy of the foregoing Reply Memorandum in Support of Motion to Stay Discovery was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

Baton Rouge, Louisiana, this 2nd day of April 2018.

*s/ Catherine S. St. Pierre*